HARDY, Judge.
This is an action by plaintiff seeking to recover damages sustained to his automobile by reason of a collision with another vehicle owned and operated by defendant. Defendant reconvened for damages sustained to his automobile. There was judgment rejecting demands of plaintiff and further judgment rejecting the reconven-tional demands of defendant. From this judgment plaintiff has appealed.
The brief and succinct allegations of plaintiff’s petition aver that on March 4, 1950, at or about 12:15 P. M. he was driving his 1950 Buick Sedan north on 1st East .'Street in the Town of Haynesville, Claiborne Parish, Louisiana, at a speed of about 25 miles per hour; that as plaintiff was passing a truck, heavily loaded with lumber, proceeding south on the said street, the defendant, who was driving a 1936 Chrysler automobile immediately following the said truck, made a left turn into the path of petitioner’s vehicle, as the result of which petitioner’s car collided with the right front side of defendant’s car. causing the damage for which recovery is sought; that there was a misting rain at the time and place designated, and that the street was wet and slippery.
Defendant’s answer admitted that at the time and place alleged he was driving his car behind a truck loaded with lumber at a point approaching defendant’s home located at the corner of 1st East and South Streets; that he was traveling at a slow rate of speed; that he looked south down East Street and for a distance of 375 feet he could see no car approaching; that thereupon he made a signal for a left turn and executed his turn toward his driveway on the opposite side of the street, whereupon he was struck by plaintiff’s car traveling at an extremely high rate of speed.
There are no charges of contributory negligence and each party litigant relies upon the alleged negligence of the other party.
Examining plaintiff’s charges in the light of the testimony adduced on trial of the case we find the testimony of plaintiff to be corroborated, to a material degree, by that of the driver of a taxicab who was following defendant’s car. From an analysis of the testimony of these two witnesses it appears that defendant, driving behind a heavily loaded truck of lumber, which unquestionably obscured his view, turned east for the purpose of entering the driveway across the street and in so doing, of course, obstructed the course of plaintiff,' who was driving north. At the time a misting or drizzling rain was falling and, according to defendant’s testimony, his car was either not equipped with windshield wipers or they were not working at the time.
It is true that defendant testified that he made careful observation before beginning *846 his left hand turn and he testified that he could see for a distance of 375 feet in the direction from which plaintiff must have been approaching and that he did not observe any vehicle. Defendant further testified that he was making his turn at a speed of about 12 miles per hour. AA^hile the exact width of the street at the point of the collision is not established, there is un-contradicted testimony to the effect that it was a two lane street, which would indicate that its width was some 20 or 25 feet, more or less.
As a practical proposition it is obvious that the east lane of the highway could not possibly have been clear for a distance of 375 feet, as contended by defendant. If defendant was proceeding at a speed of 12 miles per hour, negotiating a distance of even the width of a two-lane street, and if he began to traverse this distance at a time when the way was clear for 375 feet, it would have been necessary for plaintiff to have been driving at an almost astronomical rate of speed, more commensurate with jet planes than ordinary automobiles, in order to have made contact with defendant’s car.
There is no direct testimony as to the fact that plaintiff was driving at an excessive rate of speed since neither defendant nor the taxi driver who was following defendant’s vehicle saw plaintiff’s approach. Plaintiff himself testifies that he was driving at a speed of about 25 or 30 miles an hour. The contention was made on behalf of defendant that plaintiff was exceeding the legally prescribed rate of speed of 25 miles at the point in question, but no ordinance fixing the speed limit at such point was introduced. It is true that there is some testimony with respect to the existence of warning signals and speed signs indicating 20 and 25 miles per hour, but these signs by themselves cannot be accepted as legal evidence of an established limit. In fact, the only evidence bearing upon an excessive rate of speed by plaintiff was deduced from the physical facts in connection with the case. There was testimony to the effect that plaintiff’s car skidded for about 16 steps, that is, 48 feet, and that after colliding with defendant’s car the latter was knocked some 20 feet from the driveway into the entrance of which it was being directed. From these physical facts defendant deduced an excessive and negligent speed on the part of plaintiff’s automobile. We do not think this proof is sufficient of and by itself to justify such a conclusion. The wet, and to a degree at least, slippery condition of the paved street would preclude an accurate estimate.
Adverting to a consideration of the question of negligence vel non on the part of defendant, we are completely satisfied with our conclusion that defendant did not make a sufficiently careful observation before beginning what has been many times described in our jurisprudence as a most dangerous maneuver, that is, a left-hand turn across the path of approaching traffic. Certainly defendant could and should have seen plaintiff’s approach. There is no question here involved as to defendant’s good faith and 'doubtless he thought he had made a sufficient observation, but, in view of the fact that he was traveling behind a heavily loaded truck, that his vision must have been obscured by the misting rain, and, finally, on the basis of the fact of the collision itself, the conclusion is inescapable that plaintiff’s automobile must have been very close, at the time defendant began his turning maneuver.
Under the circumstances we think the conclusion is inescapable that defendant’s action in attempting to negotiate a left hand turn from behind a heavily loaded truck in the path of a closely approaching vehicle was the sole and proximate cause of the collision. Clearly, to our minds, defendant must be found negligent and this negligence was the proximate cause of the collision. Contrariwise we find nothing in the facts which would justify a finding of negligence on the part of plaintiff.
As to the quantum, there appears to be no dispute as to the cost of repairs to plaintiff’s automobile which, including wrecker service, amounted to the total sum of $454.-95, being the amount for which recovery was prayed.
For the reasons assigned we are of the opinion that the judgment of the District *847 Court is manifestly erroneous, and, accordingly, it is ordered, adjudged and decreed that said judgment be, and it is hereby, reversed and set aside, and there is now judgment in favor of plaintiff, Huey Haynes, and against the defendant, Robert W. Fluitt, in the full sum of $454.95, together with legal interest thereon from date of judicial demand until paid, and all costs.